**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

WAYNE SAMUELS,                          :
                                                    Civil Action No. 11-1374 (SDW)
              Petitioner,        :

         v.                      :      **OPINION**

ROY L. HENDRICKS, et al.,        :

              Respondents.       :


**APPEARANCES:**

Petitioner pro se
Wayne Samuels
Essex County Correctional Facility
354 Doremus Ave.
Newark, NJ 07105


**WIGENTON,** District Judge

         Petitioner Wayne Samuels, an alien detainee currently

confined at Essex County Correctional Facility in connection with

removal proceedings, has submitted a petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2241[1] and an application

for leave to proceed in forma pauperis.  The named respondents

---

         [1] Section 2241 provides in relevant part:

         (a) Writs of habeas corpus may be granted by the
         Supreme Court, any justice thereof, the district courts
         and any circuit judge within their respective
         jurisdictions.
         (c) The writ of habeas corpus shall not extend to a
         prisoner unless-- ... (3) He is in custody in violation
         of the Constitution or laws or treaties of the United
         States ... .

are Warden Roy L. Hendricks, Bureau of Immigration and Customs Enforcement ("ICE") Newark Field Office Director for Detention and Removal John Tsoukaris, Acting ICE Assistant Secretary John T. Morton, Secretary of Homeland Security Janet Napolitano, and Attorney General Eric Holder.

Based on Petitioner's affidavit of indigence, this Court will grant Petitioner leave to proceed in forma pauperis. Because it appears from a review of the Petition that Petitioner is not entitled to relief at this time, the Petition will be dismissed.  See 28 U.S.C. § 2243.

I.  BACKGROUND

Petitioner asserts that he is a native and citizen of Jamaica, who entered this country legally.  Following his convictions for uttering fraudulent documents in violation of N.J.S.A. 2C:21-2.1.c, and shoplifting in violation of N.J.S.A. 2C:20-11.b(2), Petitioner was taken into custody by the Bureau of Immigration and Customs Enforcement in connection with removal proceedings.

Petitioner alleges that he was taken into ICE custody, as a criminal alien,[2] on October 8, 2009.  Thus, Petitioner alleges that he was detained pursuant to 8 U.S.C. § 1226(c).  An Immigration Judge ordered him removed on February 11, 2010.

---

[2] Title 8 Section 1226(c) provides for mandatory detention, prior to the entry of a final order of removal, of certain criminal aliens.

Petitioner appealed to the Board of Immigration Appeals, which remanded the matter to the IJ for further proceedings on July 10, 2010.

The Immigration Judge again ordered Petitioner removed, as a criminal alien, on August 12, 2010.  Petitioner again appealed and, on December 22, 2010, the BIA denied his appeal.  Petitioner has taken no further action to contest his removal.  Thus, on December 2, 2010, the Order of Removal became final.  See 8 C.F.R. § 241.1 (2002).

Petitioner has submitted this Petition challenging his prolonged detention in connection with his removal proceedings. He alleges that he has cooperated with efforts to remove him. Petitioner seeks an order for his immediate release under reasonable conditions of supervision.

II.  STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).

3

A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

### III.  ANALYSIS

At the time he was originally taken into ICE custody, Petitioner became detained pursuant to the pre-removal order detention provision, 8 U.S.C. § 1226(c), pertaining to certain criminal aliens.  Although § 1226(c) does not provide for bail, an alien detained pursuant to § 1226(c) may move for a Joseph hearing to determine if he falls within the categories of aliens subject to mandatory detention.  In re Joseph, 22 I.&N. Dec. 799 (BIA 1999).[3]

---

[3] At the Joseph hearing, a detainee may avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime(s), or that the BICE is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention.  See 8 C.F.R. § 3.19(h)(2)(ii).

4

In Demore v. Kim, 538 U.S. 510 (2003), the Supreme Court considered whether mandatory pre-removal-order detention under § 1226(c) violates due process.  In the case of an alien who conceded that he fell within the categories of deportable aliens subject to mandatory detention under § 1226(c), the Supreme Court found that detention of deportable criminal aliens pending their removal proceedings did not violate due process.  538 U.S. at 531.  The Court noted that such proceedings typically last only a few months and, in contrast to the potentially indefinite post-removal period detention rejected in Zadvydas v. Davis, 533 U.S. 678 (2001), pre-removal-order detention has a finite termination point.  538 U.S. at 529-530.[4]

Petitioner ceased to be detained under § 1226(c) on December 22, 2010, approximately fourteen months after his detention began, when the BIA denied his appeal.[5]  Accordingly, he cannot now challenge, in habeas, his custody under § 1226(c), which ended prior to the submission of this Petition, dated February 16, 2011.  See, e.g., Rodney v. Mukasey, 340 Fed.Appx. 761 (3d Cir. 2009).  Any habeas challenge to the legality of his

---

[4] In his concurrence, Justice Kennedy took the position that circumstances could arise in which long-term pre-removal-order detention might violate due process.  538 U.S. at 532-33 (Kennedy, J., concurring).

[5] The Court notes that, during that fourteen-month period, Petitioner twice appealed the IJ's orders of removal.  Thus, the pre-removal-order detention period appears to have been reasonable.

detention under § 1226(c) became moot before Petitioner filed
this Petition.

Petitioner is now detained pursuant to 8 U.S.C. § 1231(a),
which governs the detention and removal of an alien subject to a
final order of removal.  Section 1231(a)(1) requires the Attorney
General to attempt to effectuate removal within a 90-day "removal
period."

> The removal period begins on the latest of the
> following:
>
> (i) The date the order of removal becomes
> administratively final.
> (ii) If the removal order is judicially reviewed and if
> a court orders a stay of the removal of the alien, the
> date of the court's final order.
> (iii) If the alien is detained or confined (except
> under an immigration process), the date the alien is
> released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

> An order of removal made by the immigration judge at
> the conclusion of proceedings under section 240 of the
> Act shall become final:
>
> (a)  Upon dismissal of an appeal by the Board of
> Immigration Appeals;
>
> (b)  Upon waiver of appeal by the respondent;
>
> (c)  Upon expiration of the time allotted for an appeal
> if the respondent does not file an appeal within that
> time;[6]
>
> (d)  If certified to the Board or Attorney General,
> upon the date of the subsequent decision ordering
> removal;

---

[6] The referenced appeal period is thirty days.  See 8 C.F.R.
§ 1003.28(b).

      (e)  If an immigration judge issues an alternate order of removal in connection with a grant of voluntary departure, upon overstay of the voluntary departure period, or upon the failure to post a required voluntary departure bond within 5 business days.  If the respondent has filed a timely appeal with the Board, the order shall become final upon an order of removal by the Board or the Attorney General, or upon overstay of the voluntary departure period granted or reinstated by the Board or the Attorney General.

8 C.F.R. § 1241.1.

Section 1231(a)(6) permits continued detention if removal is not effected within 90 days.  However, the Supreme Court has held that such post-removal-order detention is subject to a temporal reasonableness standard.  Specifically, once a presumptively-reasonable six-month period of post-removal-order detention has passed, a resident alien must be released if he can establish that his removal is not reasonably foreseeable.  See Zadvydas v. Davis, 533 U.S. 678 (2001); Clark v. Martinez, 543 U.S. 371 (2005).

The alien bears the initial burden of establishing that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," after which the government must come forward with evidence to rebut that showing.  Zadvydas, 533 U.S. at 699-701.  But see 8 U.S.C. § 1231(a)(1)(C) ("The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents

necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.").[7]

Finally, and most importantly for purposes of this decision, to state a claim under Zadvydas, the six-month presumptively-reasonable removal period must have expired at the time the Petition is filed; a prematurely filed petition must be dismissed without prejudice to the filing of a new Petition once the six-month presumptively-reasonable removal period has expired. See, e.g., Akinvale v. Ashcroft, 287 F.3d 1050, 1051 (11th cir. 2002); Fahim v. Ashcroft, 227 F.Supp.2d 1359, 1363 (N.D. ga. 2002); Monpremier v. Chertoff, 2007 WL 909575 (N.D. Fla. March 21, 2007).

Here, Petitioner's order of removal became final on December 22, 2010.  His habeas petition is dated February 16, 2011, less than six months after his order of removal became final. Accordingly, the Petition must be dismissed without prejudice as premature.

To the extent the Petition could be construed as asserting that the pre- and post-removal-order confinement times should be aggregated under a combination Demore/Zadvydas theory of a

---

[7] Petitioner makes no effort even to suggest that his removal is not reasonably foreseeable.  Instead, he appears to base his claim of entitlement to release solely upon the passage of time.  As the Petition must be dismissed for other reasons, this Court need not evaluate whether Petitioner has made the necessary showing under Zadvydas.

reasonable period of detention, there is no support in the statutes or the caselaw for such a proposition.  To the contrary, the statutory scheme specifically contemplates consecutive periods of detention under the two statutes, Sections 1226 and 1231, and neither <u>Demore</u> nor <u>Zadvydas</u> suggests that the constitutionality of either detention period should be evaluated by aggregating the pre- and post-final-order detention periods.

IV.   <u>CONCLUSION</u>

For the reasons set forth above, the Petition will be dismissed wihtout prejudice as premature.  An appropriate order follows.

<u>s/Susan D. Wigenton</u>
Susan D. Wigenton
United States District Judge

Dated: March 15, 2011